UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| I80 EQUIPMENT, LLC, | ) | BANKR. NO. 17-81749 |
| | ) | |
| Debtor, | ) | CHAPTER 7 |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| JONES LEASE PROPERTIES, LLC, | ) | BANKR. NO. 19-80014 |
| | ) | |
| Debtor, | ) | CHAPTER 11 |
| _____ | ) | |

**JOINT MOTION TO APPROVE COMPROMISE**

NOW COME Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC ("I80 Trustee") and Jones Lease Properties, LLC ("Jones Lease") (collectively, the "Parties"), pursuant to Fed. R. Bankr. P. 9019, and hereby move the Court for the entry of an order approving a compromise between the I80 Trustee, on one hand, and Jones Lease, Erik R. Jones ("Jones"), Jones Holdings, LLC ("Jones Holdings"), Pyramid Systems, L.L.C. ("Pyramid"), J.P. Rentals, LLC ("JP Rentals"), and J.P. Apartments Cooperative ("JP Apartments") (collectively, the "Jones Parties"), on the other hand. In support of this motion, the Parties state as follows:

Background

1. I80 Equipment, LLC ("I80") filed a chapter 7 bankruptcy petition in this Court on December 6, 2017 which was assigned case number 17-81749 (the "I80 Bankruptcy Case"). Jeana K. Reinbold was appointed chapter 7 trustee of the I80 Bankruptcy Case.

2. Jones Lease filed a petition for relief under chapter 11 of the Bankruptcy Code on November 26, 2018 in the Southern District of Iowa, which was subsequently transferred to this Court and assigned case number 19-80014 (the "Jones Lease Bankruptcy Case").

3. Jones is the sole manager, member and/or director of Jones Lease and the other entities, including Jones Holdings, Pyramid, JP Rentals and JP Apartments.

1

4. The I80 Trustee has pending adversary proceedings against the Jones Parties, filed as adversary proceedings 19-8124, 19-8125, 19-8128, 19-8129 and 19-8130 in this Court (the "Pending Adversary Proceedings").

5. The I80 Trustee timely filed Proof of Claim 5-1 in the Jones Lease Bankruptcy Case on January 31, 2019 and further filed Amended Claim 5-2 (the "I80 Proofs of Claim"), to which Jones Lease has objected.

6. Jones Lease and Jones previously filed claims 49-1 and 50-1 respectively in the I80 Bankruptcy Case (the "Jones Proofs of Claim"), each claim which are pending objection by the I80 Trustee.

7. Jones Lease filed its Second Amended Plan of Reorganization on July 2, 2020 (Court Doc. 381) (the "Plan"), to which the I80 Trustee objects to the treatment of her claims against Jones Lease, and for which confirmation is pending.

## Summary of Settlement

Subject to approval of the Court, the Parties have reached the following settlement, as further set forth in the settlement agreement attached as Exhibit A (the "Agreement"):

8. Jones shall pay the sum of one-hundred twenty-five thousand dollars and 00/100 cents ($125,000.000) (the "Settlement Amount") to Jones Lease, such funds which have been represented to be held in the Jones Lease client trust account by its attorneys, and Jones Lease will transfer the Settlement Amount to the I80 Trustee within fourteen (14) days after the entry of a final nonappealable order by the Court approving the Agreement.

9. Following full payment of the Settlement Amount, the I80 Trustee and the Jones Parties would cause the Pending Adversary Proceedings, I80 Proofs of Claims and Jones Proofs of Claim to be withdrawn with prejudice, and Jones Lease would amend its Plan to remove treatment of the claims of the I80 Trustee by making reference to the Agreement.

10. The I80 Trustee and the Jones Parties would be deemed to release each other from further claims, with the only reservation of rights being those of the I80 Trustee in pending adversary proceedings other than with the Jones Parties.

### Reasonableness of Settlement

11. Jones Lease is proposing to transfer the Settlement Amount of $125,000 to the I80 Trustee, and the I80 Trustee is proposing to accept such Settlement Amount as a global settlement of the matters between the I80 Trustee and Jones Parties as set forth in the Agreement. The Parties believe that this is fair and in the best interests of each of their respective estates in consideration of the following factors:

    A. While the I80 Trustee believes that the liability of the Jones Parties as set forth in the Pending Adversary Proceedings can be proven, the litigation to establish that will be cost and time-intensive. If the I80 Trustee were not successful in the end, the I80 Trustee would potentially not receive any recovery, and pose substantial cost, delay and risk to her estate. Significantly, in addition, the I80 Trustee believes that any judgments entered or to be entered against any of the Jones Parties will be difficult to collect.

    B. Jones Lease has expended substantial cost in trying to effectuate a consensual plan of reorganization for its affairs, and that continued litigation will jeopardize and delay its ability to obtain confirmation of such a plan. Jones Lease thus believes that the approval and implementation of the Agreement is in the best interests of its estate.

12. In light of the cost, risk, and delay to the Parties of further litigation, the Parties believe that the proposed compromise described herein is fair and reasonable and in the best interests of each of their respective estates.

WHEREFORE, the Parties respectfully prays that the Court entering an order:

A. Granting this Motion and approving the Agreement as in the best interests of their respective estates;

B. Authorizing the Parties to enter into the compromise described herein;

C. Directing the Parties to perform all acts necessary to conclude the compromise described within and authorizing all such acts; and

D. Granting such other relief as it may deem just.

Respectfully submitted,

JEANA K. REINBOLD, SOLELY AS CHAPTER 7 TRUSTEE OF THE ESTATE OF I80 EQUIPMENT, LLC

Dated: August 28, 2020

/s/ Jeana K. Reinbold
By: One of her attorneys
Jeana Kim Reinbold, P.C.
1119 S. 6th Street
Springfield, IL 62703
(217) 241-5629
jeana@jeanareinboldlaw.com

/s/ Andrew W. Covey
By: One of her attorneys
416 Main Street, Suite 700
Peoria, IL 61602
(309) 674-8125
acovey1@hotmail.com

JONES LEASE PROPERTIES, LLC

Dated: August 28, 2020

/s/ Jeffrey D. Goetz
By: One of its attorneys
Jeffrey D. Goetz
Vincent R. Ledlow
Krystal R. Mikkilineni
Bradshaw, Fowler, Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA 50309
(515) 246 5817
goetz.jeffrey@bradshawlaw.com
ledlow.vincent@bradshawlaw.com
mikkilineni.krystal@bradshawlaw.com

4

# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into as of August 27, 2020 (the "Effective Date") by and between Jeana K. Reinbold, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of I80 Equipment, LLC (the "Debtor"), on the one hand, and Erik R. Jones ("Jones"), Jones Lease Properties, LLC, an Illinois limited liability company ("Jones Lease"), Jones Holdings, LLC, an Illinois limited liability company ("Jones Holdings"), Pyramid Systems, L.L.C., an Iowa limited liability company ("Pyramid"), J.P. Rentals, LLC, an Illinois limited liability company ("JP Rentals") and J.P. Apartments Cooperative, a corporation pursuant to Iowa Code Chapter 499A ("JP Apartments") (collectively, the "Jones Parties"), on the other hand. All the entities and persons herein are collectively referred to as the "Parties."

## RECITALS

WHEREAS, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on December 6, 2017, which was assigned Case Number 17-81749 (the "I80 Bankruptcy Case") in the United States Bankruptcy Court for the Central District of Illinois (the "Bankruptcy Court").

WHEREAS, on that same date the Trustee was appointed chapter 7 trustee of the Estate which was created by the commencement of the I80 Bankruptcy Case.

WHEREAS, Jones Lease filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on November 26, 2018 in the United States Bankruptcy Court for the Southern District of Iowa, which case was subsequently transferred to the Bankruptcy Court and was assigned Case Number 19-80014 (the "Jones Lease Bankruptcy Case").

WHEREAS, on December 5, 2019, the Trustee filed Adversary Proceeding 19-8124 against Pyramid (the "Pyramid Complaint").

WHEREAS, on December 5, 2019, the Trustee filed Adversary Proceeding 19-8125 against Jones Holdings (the "Jones Holdings Complaint").

WHEREAS, on December 6, 2019, the Trustee filed Adversary Proceeding 19-8128 against Jones Lease (the "Jones Lease Complaint").

WHEREAS, on December 6, 2019, the Trustee filed Adversary Proceeding 19-8129 against JP Rentals (the "JP Rentals Complaint").

WHEREAS, on December 6, 2019, the Trustee filed Adversary Proceeding 19-8130 against Jones (the "Jones Complaint").

WHEREAS, pre-trial proceedings and discovery with respect to the Pyramid Complaint, the Jones Holding Complaint, the Jones Lease Complaint and the Jones Complaint are pending

1

before the Bankruptcy Court, and a default judgment was entered in the JP Rentals Complaint following hearing.

WHEREAS, on January 31, 2019, the Trustee timely filed Proof of Claim 5-1 in the Jones Lease Bankruptcy Case (the "Original Claim"), and the Trustee further filed Amended Claim 5-2 in the amount of $5,419,440.62 on July 31, 2019 (the "Trustee's Proof of Claim").

WHEREAS Jones Lease filed an objection to the Original Claim on June 3, 2019 which was deemed moot (Court Doc. 242, 307) by the filing of the Trustee's Proof of Claim. Jones Lease subsequently filed an objection to the Trustee's Proof of Claim (Court Doc. 297) which is pending for hearing before the Bankruptcy Court.

WHEREAS, previously on April 13, 2018 in the I80 Bankruptcy Case, Jones Lease filed Claim 49-1 in the amount of $241,987.31 (the "Jones Lease Proof of Claim") and Jones filed Claim 50-1 in the amount of $16,346.15 (the "Jones Proof of Claim"), each claim which would be objected to by the Trustee.

WHEREAS, Jones Lease filed its Second Amended Plan of Reorganization on July 2, 2020 (Court Doc. 381) (the "Plan"), and the Trustee objects to the treatment of the Trustee's Proof of Claim in the Plan and opposes confirmation of the Plan.

WHEREAS the Parties have engaged in arms-length negotiations and not by means forbidden by law to resolve their disputes.

WHEREAS, the Parties now wish to avoid the expense, delay, risk and uncertainty inherent in any litigation by resolving the Parties' claims and defenses and securing their cooperation in accordance with the terms set forth below.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to Bankruptcy Court approval, the Parties hereby agree as follows:

1. **Recitals Incorporated.** The recitals set forth above are hereby incorporated in full and made a part of this Agreement.

2. **Global Settlement.** Upon the entry of a final and nonappealable order approving this Agreement by the Bankruptcy Court:

    a) **Payment of Settlement Amount.** Jones shall pay the sum of one-hundred twenty-five thousand dollars and 00/100 cents ($125,000.00) (the "Settlement Amount") to the Trustee, such funds for the benefit of the payment of the Settlement Amount which have been represented to be held in the Jones Lease client trust account by its attorneys Bradshaw, Fowler, Proctor & Fairgrave PC. Said sum shall be fully transferred to the Trustee within fourteen (14) days after entry of a final nonappealable Order by the

Bankruptcy Court approving this Agreement. The Settlement Amount will be held by the Trustee free and clear of all liens, encumbrances and interests and for the benefit of administrative, priority and general unsecured creditors.

b) **Pending Adversary Proceedings.** Following full payment of the Settlement Amount to the Trustee, the Parties shall cause agreed orders to be entered with respect to the Pyramid Complaint, the Jones Holdings Complaint, the Jones Lease Complaint, and the Jones Complaint, dismissing each action with prejudice. The Trustee shall also provide a release of judgment which can be filed with respect to the JP Rentals Complaint.

c) **Proof of Claim and Plan Litigation.** Following full payment of the Settlement Amount to the Trustee, the Parties shall cause agreed orders to be entered withdrawing the Trustee's Proof of Claim, Jones Lease Proof of Claim and Jones Proof of Claim with prejudice. Jones Lease shall amend its Plan to remove treatment of the claims of the Trustee by making reference to this Agreement.

d) **Release of the Jones Parties by the Trustee.** Subject to the entry of an order approving this Agreement, and contingent on the effectuation of the items noted in Paragraphs 2(a) through 2(c), the Trustee on behalf of the Estate shall be deemed to have released, waived and discharged each and all of the Jones Parties and their agents, attorneys, accountants, employees, successors and assigns (collectively, the "Jones Released Parties") from, and to have acknowledged full accord and satisfaction of, any and all claims, demands, causes of action, and liabilities of any kind whatsoever, based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state, local law or otherwise, whether known or unknown, asserted or unasserted, that the Trustee or the Estate ever had, now has or hereafter may have against any or all of the Jones Released Parties on account of any matter, thing or condition which occurred from the beginning of the world to the Effective Date of this Agreement, including but not limited to all claims set forth in the Pyramid Complaint, the Jones Holdings Complaint, the Jones Lease Complaint, the JP Rentals Complaint, the Jones Complaint and the Trustee's Proof of Claim.

e) **Release of the Trustee by the Jones Parties.** Subject to the entry of an order approving this Agreement, and contingent on the effectuation of the items noted in Paragraphs 2(a) through 2(c), the Jones Parties, jointly and severally, shall be deemed to have released, waived and discharged the Trustee and the Estate and their agents, attorneys, accountants, employees, successors and assigns (collectively, the "Trustee Released Parties") from, and to have acknowledged full accord and satisfaction of, any and all claims, demands, causes of action, and liabilities of any kind whatsoever, based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state, local law or otherwise, whether known or unknown, asserted or unasserted, that any or all of the Jones Parties ever had, now has/have or hereafter may have against any or all of the Trustee Released Parties on account of any matter, thing or condition which occurred from the beginning of the world to the Effective Date of this Agreement,

including but not limited to all claims set forth in the Jones Lease Proof of Claim and Jones Proof of Claim; further, none of the Jones Released Parties shall file any further claims, jointly or severally, in the I80 Bankruptcy Case.

  f) **Reserved Rights of Trustee Against Adversary Defendants in Pending Proceedings Other than the Jones Parties.** Notwithstanding anything to the contrary stated in this Agreement, nothing stated in this Agreement shall constitute nor be construed as, in whole or in part, a release, waiver or discharge of, or an acknowledgment of full accord and satisfaction of, any claims which the Trustee or the Estate holds against certain parties or their successors or assigns (the "Adversary Defendants"), including but not limited to any claims asserted by the Trustee or the Estate against the Adversary Defendants in certain adversary proceedings currently pending in the Bankruptcy Court, as listed in the Exhibit A attached to this Agreement. The Trustee and the Estate expressly reserve in all respects any and all claims and rights they hold against any and all of the Adversary Defendants, which claims shall not be affected, modified or impaired in any way whatsoever by any of the provisions of this Agreement, and the Trustee and the Estate shall be free to continue to litigate said claims to the fullest extent allowed by law. Further, the Jones Parties, jointly and severally, warrant that none of the Adversary Defendants are Jones Released Parties.

  3. **Continuing Obligations**. Notwithstanding any other terms, conditions or provisions hereof, the Parties agree that they shall afford to one another reasonable cooperation relating to the implementation of this Agreement. This includes, but is not limited to, execution of any documents necessary to effect the terms of this Agreement.

  4. **Governing Law**. This Agreement shall be construed and governed by applicable Illinois law.

  5. **Jurisdiction and Venue**. The Parties agree that the exclusive forum and venue for all disputes between them concerning this Agreement or any of the subject matters hereof shall be the Bankruptcy Court.

  6. **Binding Effect**. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

  7. **Entire Agreement**. This Agreement constitutes the entire agreement of the Parties hereto as to the subject matters hereof and may not be modified except by written agreement, executed by all Parties hereto.

  8. **Counterparts**. This Agreement may be executed and delivered electronically by email or by facsimile in one or more counterparts. A copy of this Agreement bearing a signature that has been transmitted electronically by email or by facsimile shall have the same force and effect as an original. Each counterpart of this Agreement, upon execution and delivery, shall be deemed a complete original.

9. **Representative Capacity**. Each person whose signature is affixed hereto in a representative capacity hereby represents and warrants that he or she is authorized and empowered to execute this Agreement on behalf of, and to bind, the person or entity on whose behalf his or her signature is affixed.

10. **Severability**. If any one or more provisions contained in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

11. **Joint Drafting and Review of Counsel**. Each of the Parties has been fully and competently represented by counsel of his, her, or its own choosing in the negotiation and drafting of this Agreement. Accordingly, the Parties agree that no rule of construction resolving contractual ambiguities against the drafting party shall be applicable. Each of the Parties agrees to bear its own attorneys' fees and costs incurred in regard to this Agreement and neither side shall be responsible to pay the other party's attorneys' fees, costs or disbursements.

12. **Waiver of Jury Trial**. EACH OF THE PARTIES HERETO WAIVES THE RIGHT TO A TRIAL BY JURY IN ANY LITIGATION, PROCEEDING, OR OTHER LEGAL ACTION RELATING TO THIS AGREEMENT OR THE CONSTRUCTION OR PERFORMANCE THEREOF.

13. **Acknowledgments**. Each of the Parties hereto expressly acknowledges and warrants that he, she or it has voluntarily entered into this Agreement, was represented by counsel of his, her, or its own choosing with respect hereto, and understands the nature and binding effect of this Agreement.

14. **Notice and Cure Period**. Any notices and other communications to be made in furtherance of this Agreement shall be made in writing and deemed given when delivered personally, or alternatively, on the third succeeding business day after having been sent by overnight courier, certified or registered mail to the appropriate party at their respective addresses below.

> To the Trustee:   Jeana K. Reinbold
> 1119 S. 6th Street
> Springfield, IL 62703
>
> With copy to:   Andrew W. Covey
> 416 Main Street, Suite 700
> Peoria, IL  61602
>
> To the Jones Parties:   Erik R. Jones
> 496 Briargate Drive
> Colona, IL 61241

>        With copy to:        Jeffrey D. Goetz
>                             Bradshaw, Fowler, Proctor & Fairgrave PC
>                             801 Grand Avenue, Suite 3700
>                             Des Moines, IA 50309

Notice to any of the Parties of an alleged default in their performance of any obligation herein set forth, to the extent it is not cured by 5:00 pm (CST) of the fifth (5th) business day after the notice is received, shall constitute a material breach of this Agreement.

15. **Liability Not Admitted.** The Trustee and the Jones Parties have admitted no liability to each other, and, by execution of this Agreement, each of the Parties expressly acknowledges that each of the Parties has denied any liability of whatsoever kind or nature to the other party, and the Parties have entered into this Agreement to avoid the further cost and expense of litigation.

16. **Bankruptcy Court Approval.** The Parties acknowledge and agree that this Agreement is subject to approval by the Bankruptcy Court, which approval the Trustee shall promptly seek upon execution of this Agreement by all Parties. In the event that a final nonappealable order is not entered approving this Agreement, this Agreement (with the exception of the instant paragraph) shall be null and void in its entirety and this Agreement and any related settlement discussions will be inadmissible in any litigation.

17. **Warranty of No Assignment.** The Trustee and the Jones Parties warrant that they have not assigned, voluntarily or involuntarily, any claims against each other, if any exist.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of this 27th day of August, 2020.

Jeana K. Reinbold, solely as Chapter 7 Trustee of the Bankruptcy Estate of I80 Equipment, LLC

_____, Trustee

Jones Lease Properties, LLC

_____
By: Erik R. Jones
Its: Sole Manager/Member

Jones Holdings, LLC

_____
By: Erik R. Jones
Its: Sole Manager/Member

Pyramid Systems, L.L.C.

_____
By: Erik R. Jones
Its: Sole Manager/Member

J.P. Rentals, LLC

_____
By: Erik R. Jones
Its: Sole Manager/Member

J.P. Apartments Cooperative

_____
By: Erik R. Jones
Its: Director

Erik R. Jones

_____

7

**EXHIBIT "A"**

| ADVERSARY DEFENDANT | ADVERSARY PROC. NUMBER |
|---|---|
| VIBRANT CREDIT UNION | 19-8082 |
| GENERAL PARTS, INC. D/B/A CARQUEST AUTO PARTS | 19-8085 |
| RITE WAY AUTO TRANSPORT LLC | 19-8090 |
| S. J. SMITH CO., INC. | 19-8091 |
| GREEN TECH HEAT, LLC D/B/A GREEN TECH HEAT SOLUTIONS | 19-8101 |
| HILLTOP GUNSHOP LLC | 19-8102 |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC. | 19-8104 |
| HENRY COUNTY, ILLINOIS | 19-8105 |
| MENARD, INC. | 19-8110 |
| METROPOLITAN AIRPORT AUTHORITY OF ROCK ISLAND COUNTY, ILLINOIS | 19-8111 |
| MONTGOMERY CARPETS, INC. D/B/A WAYNE MONTGOMERY CASH & CARRY CARPETS | 19-8113 |
| ROCK ISLAND COUNTY, ILLINOIS | 19-8116 |
| THE SHERWIN-WILLIAMS COMPANY, AN OHIO CORPORATION | 19-8118 |
| U.S. BANK NATIONAL ASSOCIATION | 19-8120 |
| WALMART INC. d/b/a WAL-MART AND SAM'S CLUB, A DELAWARE CORPORATION, SAM'S EAST, INC. D/B/A SAM'S CLUB, AN ARKANSAS CORPORATION, SAM'S EAST, INC. D/B/A SAM'S CLUB, A DELAWARE CORPORATION, SAM'S WEST, INC. D/B/ASAM'S CLUB, A DELAWARE CORPORATION AND SAM'S WEST, INC. D/B/A SAM'S CLUB, AN ARKANSAS CORPORATION | 19-8122 |
| WESTERN STRUCTURAL COMPANY | 19-8123 |